UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN C. PAYNE,

       Plaintiff,

vs.                                           CASE NO. 5:06-CV-10920
                                             HONORABLE JOHN CORBETT O'MEARA
                                             UNITED STATES DISTRICT JUDGE

WYATT GEORGE HARRIS,

       Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

      Plaintiff is an inmate currently confined at the Southern Michigan Correctional Facility in Jackson, Michigan. On March 8, 2006, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed plaintiff to pay the two hundred and fifty ($ 250.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information.

      28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately

preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605.  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be dismissed for want of prosecution. *Id.*  If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

                                                 s/John Corbett O'Meara
                                                 John Corbett O'Meara
                                                 United States District Judge

Dated:  May 3, 2006

Copies:

**Jovan Payne**
368066
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201